UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LOVALEE KARR and RICKY KARR,<br><br>Plaintiffs<br><br>v.<br><br>FORD MOTOR CO.,<br><br>Defendant. | Case No.: 24-cv-2406-RSH-KSC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** |
|---|---|

On December 20, 2024, the Court issued a Notice and Order setting the Early Neutral Evaluation in this matter. Doc. No. 4. The ENE was originally set for February 18, 2025. *Id.* The Court later continued the ENE to March 11, 2025, because the parties repeatedly failed to comply with the Court's pre-ENE procedures. Doc. Nos. 6, 7. The Court held an ENE on March 11, 2025. Doc. No. 9. Plaintiffs failed to appear, and plaintiffs' counsel failed to appear on time. *Id.* On March 11, 2025, the Court ordered attorney Erik Schmitt to show cause for the plaintiffs' failure to appear at the hearing and for his late appearance. Doc. No. 10. Attorney Schmitt filed a responsive declaration on March 20, 2025. Doc. No. 12. The Court held a hearing on the Order to Show Cause on March 25, 2025, at which attorney Schmitt further offered to show cause for the plaintiffs' failures to appear and for his own late appearance. Doc. Nos. 17-19.

1    The Court may generally issue "any just orders" to sanction parties or their attorneys
2 for the failure to appear at a pretrial conference, failure to be prepared for a pretrial
3 conference, failure to participate in that conference in good faith, or other failures. *See* Fed.
4 R. Civ. P. 16(f). The Court's authority to issue sanctions under Rule 16 includes the full
5 panoply of sanctions enumerated in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii)
6 and the option to shift fees and costs between the parties. *Id.* Sanctions can be imposed
7 against a party, the party's attorney, or both. *Id.* The sanctions provision of Rule 16 is
8 "broadly remedial," and its purpose is to encourage "forceful judicial management." *See*
9 *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986).

10   The purpose of civil sanctions is to ensure compliance with court orders and to
11 compensate aggrieved parties for the sanctioned party's failure to comply with court rules
12 and orders. *Cf. Oracle USA, Inc. v. Rimini St., Inc.*, 81 F.4th 843, 858 (9th Cir. 2023); *see*
13 *also United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947) (noting civil
14 sanctions serve "to compensate the complainant for losses sustained"). "[T]he Court must
15 tailor its award to the pecuniary injury caused by the unexcused conduct." *Kraszewski v.*
16 *State Farm Gen. Ins. Co.*, 130 F.R.D. 111, 113 (N.D. Cal. 1984) (citing *Falstaff Brewing*
17 *Corp. v. Miller Brewing Co.*, 702 F.2d 770, 779 (9th Cir. 1984)). "The amount necessary
18 to compensate the aggrieved party may be estimated by the sanctioning court." *Id.* (citing
19 *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1371 (9th Cir. 1980)).

20   Mr. Schmitt contends the Court can only shift defendant's costs if the Court finds he
21 willfully disobeyed a court order; or if he acted in bad faith, vexatiously, wantonly, or for
22 oppressive reasons. *See* Doc. No. 19 at 6. He rests this argument on *Chambers v. NASCO*,
23 501 U.S. 32 (1991) and *Zambrano v. Tustin*, 885 F.2d 1473 (9th Cir. 1989). *Id.* "For a
24 sanction to be validly imposed, the conduct in question must be sanctionable under the
25 authority relied on." *Cunningham v. County of Los Angeles*, 869 F.2d 481, 490 (9th Cir.
26 1989) (citing *McCabe v. Arave*, 827 F.2d 634, 639 (9th Cir. 1987)). In *Chambers*, the
27 Supreme Court specifically addressed the circumstances under which a District Court may
28 exercise its inherent power to sanction a party for bad faith litigation conduct. *See* 501 U.S.

at 35. *Zambrano* addressed a District Court's authority to sanction parties under both inherent power and local rules promulgated at the District level. 885 F.2d at 1478-89. This case presents neither scenario, because the Court's authority to issues sanctions in this case arises from Federal Rule of Civil Procedure 16, not from a local rule or the Court's inherent power. As many courts have noted, findings of willfulness or bad faith are not a necessary prerequisite for the issuance of sanctions under Rule 16. *See Lucas Auto Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001); *Rice v. Barnes*, 201 F.R.D. 549, 551 (M.D. Ala. 2001); *Martin Family Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal. 1999); *Resolution Trust Corp. v. Williams*, 165 F.R.D. 639, 643 (D. Kan. 1996).

The Court concludes Mr. Schmitt did not act in bad faith. As he stated in his declaration and during the hearing on the OSC, his failure to attend the hearing (or secure his client's attendance) was the combined result of calendaring errors and personal issues related to his own health and the health of his mother. Doc. No. 12; Doc. No. 19 at 7. Mr. Schmitt, as he must, concedes he was at least negligent in failing to manage his calendar and arrange for plaintiffs and counsel to attend the ENE. Doc. No. 19 at 8. For Rule 16 purposes, his negligence is sufficiently culpable. Bad faith or other intentional misconduct is not the standard. The Court concludes the conduct at issue supports the issuance of sanctions under Rule 16.

The amount of sanctions is, as the Court has already noted, limited to whatever is necessary to compensate the defendant for Mr. Schmitt's failure to attend the ENE. *See Kraszewski*, 130 F.R.D. at 113. Defendant's attorney, Brian Vanderhoof, filed a declaration establishing the attorneys fees he claims were incurred because of Mr. Schmitt and plaintiffs' collective failure to attend the ENE. *See* Doc. No. 14-1. He claims he spent 4.6 hours of his time preparing for and attending the ENE that could not proceed as scheduled. *Id.* at 4-5. Mr. Schmitt argues at least some of the time is not compensable because Mr. Vanderhoof would have had to prepare for the ENE regardless of whether Mr. Schmitt and his clients appeared or not. *See* Doc. No. 19 at 9-10. Further, although he concedes Mr.

Vanderhoof's declaration prepared in response to the OSC was a necessary expense, he disputes the necessity of preparing a separate notice of lodgment. *See id.* at 10-11.

The Court finds Mr. Schmitt's objections well taken. Defendant is not entitled to compensation for Mr. Vanderhoof's ENE preparation because he would have needed to spend the time preparing for the ENE anyway. In fact, the ENE ultimately went forward on a different date. Moreover, the Court did not request a separate notice of lodgment as a cover sheet for Mr. Vanderhoof's declaration, and one was unnecessary. Thus, although preparing the declaration is compensable, preparing a notice of lodgment is not. The Court accordingly awards sanctions as follows: 0.4 hours for attending the ENE that could not go forward; 0.2 hours for emailing the client about the adjournment of the ENE; and 0.5 hours for preparing the declaration responsive to the Court's OSC. That yields a total compensable time of 1.1 hours.

Mr. Vanderhoof's declaration presumptively establishes his hourly rate of $500 is reasonable. *See* Doc. No. 14-1 at 3-4; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). Mr. Schmitt did not challenge the reasonableness of Mr. Vanderhoof's hourly rate, and the Court concludes it is reasonable because it is in line with what this Court has recently awarded lead counsel in a diversity case alleging California statutory violations. *See Cruz v. Nike Retail Servs. Inc.*, 346 F.R.D. 107, 117 (S.D. Cal. 2024). Given that hourly rate, multiplied by the reasonable time expended on account of Mr. Schmitt's failure to follow the Court's ENE Order, the total sanction shall be **$550**, payable to defendant. Mr. Schmitt shall make this payment within **ten days** of this Order. The Court's Order to Show Cause is hereby discharged.

**IT IS SO ORDERED**

Dated: April 4, 2025

Hon. Karen S. Crawford
United States Magistrate Judge